*13*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2004 JUL -7  P 5: 12

U.S. DIST. COURT CLERK
EASTERN DISTRICT OF MICH.

SENSORDATA TECHNOLOGIES, INC.,

    Plaintiff,

vs.

ZF BATAVIA, L.L.C.,

    Defendant,

and

BATAVIA TRANSMISSIONS, L.L.C.

    Third-Party Plaintiff,

vs.

COMTEL INSTRUMENTS CO.

    Third-Party Defendant.

Case No. 03-75167 CK

Hon. Denise Page Hood

Magistrate Judge R. Steven Whalen



RECEIVED

JUN 2 8 2004

CLERK'S OFFICE, DETROIT-P88
U.S.DISTRICT COURT

| | |
|---|---|
| Shereef H. Akeel (P54345)<br>MELAMED, DAILEY & AKEEL, P.C.<br>Attorneys for Plaintiff<br>26611 Woodward Avenue<br>Huntington Woods, MI 48070<br>(248) 591-5000 | Kathleen A. Lang (P34695)<br>Kelley M. Crutchfield (P63337)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Batavia Transmissions, LLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3500 |
| J. Christopher Caldwell (P36221)<br>Joseph A. Ahern (P38710)<br>STARK REAGAN, P.C.<br>Attorneys for Comtel Instruments Co.<br>1111 W. Long Lake Road, Suite 202<br>Troy, MI 48098<br>(248) 641-9955 | |

## STIPULATED PROTECTIVE ORDER

The handling and discovery of confidential information and documents in this action shall be governed by the provisions set forth below:

1.    **Designation of Confidential Information.**   In producing, providing or revealing discovery materials, any party may designate as "CONFIDENTIAL" the whole or any part of discovery material which the designating party deems to constitute trade secrets, know-how, proprietary data, intellectual property or marketing, contract, financial, negotiated, or similar commercially sensitive business information or data which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices to the extent the designating party (1) maintains such information in confidence, or (2) believes that unprotected disclosure might result in economic or competitive injury.   Any party may designate discovery material containing internal financial information that has not been publicly disclosed or personal and/or sensitive or proprietary information related to customers and/or other companies as "ATTORNEYS' EYES ONLY" if the disclosing party in good faith believes that such a designation is necessary to prevent the party from incurring serious economic or competitive injury.   If a party determines in good faith that any of its documents or things or responses produced in the course of discovery require protection under the terms of this Order, it shall advise the other parties of this fact, and all copies of such documents or things or responses or portions thereof shall be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and treated in accordance with the terms of this Stipulated Protective Order.   Discovery material designated under this Order shall collectively be referred to as "Protected Information."

2

3.   **Use of Protected Information.** All documents or information designated or marked as provided herein shall be used by the receiving party solely for the purposes of this action, and shall not be disclosed to anyone other than those persons identified herein and shall be handled in the manner set forth herein until such designation is removed by the designating party or by order of the Court.

4.   **Use of Protected Information in Depositions.** Any party shall have the right to use Protected Information at or for the purpose of taking depositions, subject to the terms of this Stipulated Protective Order. At any deposition, upon inquiry with regard to the content of a document marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or whenever counsel for a party deems that the answer to the question may result in the disclosure of Protected Information, or whenever counsel for a party deems that the answer to any question has resulted in the disclosure of Protected Information, the deposition (or portions thereof) may be designated by the affected party as containing Protected Information subject to the provisions of this Order. Counsel for the affected party may direct that the question and answer be transcribed separately from the remainder of the deposition and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When such direction has been given, the testimony shall be disclosed only to those individuals specified herein, and the information contained therein shall be used only as specified herein. Counsel for the party whose Protected Information is involved may also request that all persons not entitled under this Order to have access to the Protected Information leave the room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness not to answer the

3

question seeking the revelation of Protected Information. Counsel must designate portions of a deposition transcript in accordance with this Order within ten (10) days of receiving the transcript.  Designations may be made by letter to counsel of record. Portions of deposition transcripts so designated shall be treated as Protected Information by the parties as set forth herein. During the ten (10) day period, the entire transcript shall be treated as Protected Information.

5. **Disclosure of Documents or Information Designated "CONFIDENTIAL."** Protected Information which is designated "CONFIDENTIAL" and produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

a) Outside counsel of record for the parties (including attorneys associated with the law firm(s)  and the paralegal, clerical, and secretarial staff employed by such counsel);

b) Inside counsel for the parties and current employees or officers of each party involved in the prosecution, defense, or settlement of this action, provided that each such person first signs an acknowledgment in the form of Exhibit A;

c) Outside experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action, provided that each such expert or consultant first signs an acknowledgment in the form of Exhibit A;

d) Court reporter(s) employed in this action; and

e) Any other person as to whom the parties in writing agree.

6. **Disclosure of Documents or Information Designated "ATTORNEYS' EYES ONLY".** Protected Information which is designated "ATTORNEYS' EYES ONLY" and produced pursuant to this Order may be disclosed or made available only to the Court and to the persons designated below:

4

a)  Outside litigation or trial counsel of record for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel);

b)  One party representative, who is a current employee or officer of such party, provided that such person first signs an acknowledgment in the form of Exhibit A;

c)  Outside experts or consultants (together with their clerical staff) retained to assist in the prosecution, defense, or settlement of this action, provided that each such expert or consultant first signs an acknowledgment in the form of Exhibit A;

d)  Court reporter(s) employed in this action; and,

e)  Any other person as to whom the parties in writing agree.

7.  **Disclosure to Unauthorized Persons.**  In the event that a party wishes to disclose documents, information, or items designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to a person(s) not designated in paragraphs 5 or 6, the following provisions shall apply:  (1) counsel for the receiving party shall identify the person to whom it intends to make disclosure; (2) counsel for the receiving party shall specifically identify the designated document(s), information, or item(s) proposed for disclosure; (3) counsel for the producing party may, within five business days, object to the proposed disclosure; and (4) if the producing party objects to the proposed disclosure, counsel for the respective parties shall confer within five business days of the objection to attempt to resolve the issue of disclosure.

8.  **Disclosure to Authors and Previous Recipients.**  Notwithstanding any other provision of this Protective Order, nothing herein shall prohibit counsel for a party from disclosing a document designated hereunder to any person (including deponents) whom the document clearly identifies as an author, addressee, or carbon copy recipient

5

of such document, or who has been identified by the designating party as having been provided with the document or the information therein by such party.

9.     **Filing of Confidential Information With the Court.**   Any Protected Information that is filed with the Court by any party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents which have previous thereto been designated hereunder, or any pleading or memorandum reproducing or paraphrasing or containing such information, shall be filed in sealed envelopes bearing the title of the case and the notation:

### "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

### To Be Opened Only Upon Further Order Of The Court"

All such sealed envelopes shall not be opened except as ordered by the Court.

10.     **Inadvertent Production.**   The inadvertent production or disclosure of privileged, or otherwise protected information, documents, or other materials or the inadvertent failure to designate information in accordance with this Order shall not constitute a waiver of any applicable privilege or protections, including, for example, the attorney-client privilege, the work product protection, or any protection afforded by the Federal Rules of Civil Procedures.   Any inadvertent production or failure to designate may be remedied as follows:

a)     The producing party shall: (i) give written notice of the inadvertent production to all parties that received copies of the inadvertently produced information, document, or other material, and (ii) state the nature of the privilege or designate the information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.

6

b)     Upon receipt of written notice of inadvertent production, all parties shall return inadvertently produced attorney-client privileged or work product protected information, documents, or other materials to the producing party and destroy all copies thereof. As to Protected Information, each party shall apply the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation to each copy of such material, treat such information in accord with this Order, and provide the other parties with an acknowledgment that the party attempted in good faith to remedy disclosure of such information to unauthorized persons.

11.     **Application to Third Parties.** This Protective Order shall inure to the benefit of and be enforceable by and against third parties with respect to documents and information produced by them in the course of pretrial discovery in this action and designated by them as either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the manner provided herein.

12.     **Information Not Confidential.** The restrictions set forth in this Order shall not be construed:

a)     To preclude any party or its attorneys of record from making use of information which was lawfully in their possession prior to the approval by the Court of this Protective Order or production by the producing party; or

b)     To apply to information or other materials that have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a receiving party; or

c)     To apply to information or other materials that, under law, have been declared to be in the public domain.

13.     **Challenges to Designations.** Inspection or receipt by a party of any information, document, or thing designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" hereunder shall not constitute a concession as to the validity of such designation. If counsel for any party claims that counsel for any other party or nonparty has unreasonably designated certain information under this Order, or believes that it is necessary to disclose designated information to persons other than those permitted by

7

this Order, and if dispute regarding the designation cannot be resolved by agreement, the objecting counsel may make an appropriate application to the Court requesting that the specifically identified documents, information, or deposition testimony be excluded from the provisions of this Order or be available to specified other persons. The moving party shall have the obligation of showing a good faith basis for its contention that the information, document or thing should not be protected under this Order or that disclosure to persons other than those authorized by this Order should be permitted. Thereafter, the party claiming protection shall have the burden of establishing the confidential nature of the information, document or thing.

15. **No Waiver or Admission of Confidentiality.** This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or a waiver by either party of the confidential nature of any document or information or altering any existing obligation of any party or the absence thereof. Entry of this Order does not preclude any party from seeking or opposing additional protection for particular information or documents.

16. **No Waiver of Privilege.** This Order does not prejudice the right of any party or nonparty to oppose production of any information or document on the ground of attorney-client privilege, work product immunity, or any other privilege or protection provided by law.

8

17.     **Return or Destruction of Information.** Within thirty days after entry of final judgment, including any appeal, or other final dismissal of this action, all documents and things, including transcripts of depositions or trial, together with all copies thereof, which have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", shall be returned to the designating party. In lieu of returning such designated materials as provided above, and upon approval of the designating party, counsel for the receiving party may certify in writing to counsel for the designating party that the materials have been destroyed.

18.     **Order Survives Conclusion.** This Order shall survive the conclusion of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information protected under this Order.

19.     **No Undue Restrictions.** Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her client with respect to this action and, in the course thereof, generally referring to or relying upon his examination of documents or things produced. In rendering such advice or otherwise communicating with his/her client, the attorney shall not disclose the specific content of any information, document or thing designated "ATTORNEYS' EYES ONLY" hereunder where such disclosure would not be permitted under the terms of this Stipulated Protective Order.

Agreed to:

Date: ____June 28, 2004____

By: _____
Kathleen A. Lang (P34695)
Kelley M. Crutchfield (P63337)
Dickinson Wright PLLC
Counsel for Batavia Transmissions LLC

9

Date: _June 28, 2004_          By: _Shereef H Akeel_ /w/ consent
                                    Shereef H. Akeel (P54345)
                                    Melamed, Dailey & Akeel, P.C.
                                    Counsel for Sensordata Technologies,
                                    Inc.

Date: _June 28, 2004_          By: _J Christopher Caldwell_ /w/ consent
                                    J. Christopher Caldwell (P36221)
                                    Joseph A. Ahern (P38710)
                                    Stark Reagan, P.C.
                                    Counsel for Comtel Instruments Co.

**SO ORDERED:**

_____
District Court Judge

Dated: __JUL 0 7 2004__

Date:_____

By:_____
Shereef H. Akeel (P54345)
Melamed, Dailey & Akeel, P.C.
Counsel for Sensordata Technologies,
Inc.

Date:_____

By:_____
J. Christopher Caldwell (P36221)
Joseph A. Ahern (P38710)
Stark Reagan, P.C.
Counsel for Comtel Instruments Co.

**SO ORDERED**

_____
District Court Judge

Dated:_____

10

Date:_____

By:_____
   Shereef H. Akeel (P54345)
   Melamed, Dailey & Akeel, P.C.
   Counsel for Sensordata Technologies,
   Inc.

Date:    June 28, 2004

By:_____
   J. Christopher Caldwell (P36221)
   Joseph A. Ahern (P38710)
   Stark Reagan, P.C.
   Counsel for Comtel Instruments Co.

**SO ORDERED:**

_____
District Court Judge

Dated: _____

10

## Exhibit A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, declare as follows:

My current employer is _____

and my current business address is _____.

I have read the terms of the Stipulated Protective Order entered in this action styled Sensordata Technologies, Inc. vs. ZF Batavia, L.L.C and Batavia Transmissions LLC vs. Comtel Instruments Co., Case No. 03-75167 CK, and agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. More specifically, I will treat any Protected Information provided to me by counsel or any party as confidential and will not disclose any such information to anyone other than persons permitted to see such information under the Order. Further, I will not use such Protected Information for any purpose other than in connection with this action, and will return all Protected Information provided to me as well as those materials generated by me containing Protected Information (along with any copies I may have made) to counsel for the party with which I am affiliated at the conclusion of this action. I consent to the jurisdiction of the Wayne County Circuit Court for purposes of enforcing this Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

_____

Name

DETROIT 18260-2214 800927

11